UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC., <br> Plaintiff, <br> v. <br> ALIDA ESTRADA ALVAREZ, <br> Defendant. | No. 2:17-cv-00926 TLN AC <br><br> ORDER |

This matter is before the undersigned pursuant to E.D. Cal. R. 302(c)(21). Defendant's motion for terminating sanctions (ECF No. 15) is now before the court. Having reviewed the moving papers and the docket, the court finds no hearing on this motion is necessary and hereby takes the matter under submission and vacates the hearing date. For the reasons stated below, defendant's motion is DENIED. The undersigned further ORDERS the parties to appear for a settlement conference on September 5, 2018 at 9:30 a.m. before Magistrate Judge Carolyn K. Delaney in Courtroom 24 (CKD).

## I. Relevant Background

Plaintiff filed its Complaint on May 2, 2017. ECF No. 1. Defendant was personally served on May 24, 2017. ECF No. 4. On June 26, 2017, after the time for filing a response to the Complaint had elapsed, plaintiff filed a Request to Enter Default against Defendant. ECF No. 5. On that same day, defendant submitted a letter which the court construed as an answer.

1

ECF Nos. 6, 7. In light of the Answer, the clerk declined to enter default. ECF No. 8. On February 2, 2018, defendant submitted a declaration to the court making substantive argument. ECF No. 10.

On November 14, 2017, plaintiff sent a Proposed Joint Scheduling Report to defendant. Riley Decl. ¶ 4; ECF No. 12, Ex. 1. Defendant did not respond to that correspondence or otherwise participate in preparing a proposed scheduling order. Id.; see also, ECF No. 12 at 1, n.1. On January 10, 2018, plaintiff served its Initial Disclosures on defendant. Riley Decl. ¶ 5. On March 13, 2018, this court set an Initial Scheduling Conference for April 18, 2018 at 10:00 A.M. before the undersigned. ECF No. 11. A copy of the Minute Order setting the Initial Scheduling Conference was mailed to defendant. See, Unnumbered Docket Entry, Mar. 13, 2018. On March 16, 2018, plaintiff filed a unilateral Proposed Scheduling Report. ECF No. 12. Plaintiff represented that it was unable to obtain a contribution to the proposed scheduling order from the defendant. Id. at 1, n.1.

On April 18, 2018, this court held its Status (Pretrial Scheduling) Conference; defendant failed to appear at that conference. ECF Nos. 13, 14 at 1. At that time, this court ordered defendant to provide Initial Disclosures by May 16, 2018. ECF No. 14 at 2, 6. A copy of this court's Status (Pretrial Scheduling) Order was mailed to defendant. See, Unnumbered Docket Entry, Apr. 19, 2018. To date, defendant has not provided Initial Disclosures. Riley Decl. ¶ 6. Plaintiff sent defendant a letter requesting to meet and confer and informing her of its intention to move for terminating sanctions. Riley Decl. ¶ 7; ECF No. 15, Ex. 1. To date, defendant has not responded.

The Status (Pretrial Scheduling) Conference Order states:

> 7. Failure to comply with the terms of this order may result in the imposition of monetary and all other sanctions within the power of the court, including dismissal or an order of judgment.

ECF No. 14 at 7.

## II. Motion

Plaintiff moves for terminating sanctions pursuant to E.D. Cal. R. 110 for defendant's failure to make initial disclosures as required by the court's scheduling order and for failure to

2

meaningfully participate in this litigation. ECF No. 15.

### III. Analysis

Parties proceeding pro se are bound by all local and federal rules, including Local Rule 110. E.D. Cal. R. 183(a). Local Rule 110 states that "[f]ailure of counsel or of a party to comply with these [Local] Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." "District courts have inherent power to control their dockets. In the exercise of that power they may impose sanctions including, where appropriate, default or dismissal." Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). "A terminating sanction, whether default judgment against a defendant or dismissal of a plaintiff's action, is very severe. . . . [o]nly willfulness, bad faith, and fault justify terminating sanctions." Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007). The Ninth Circuit has "repeatedly upheld the imposition of [terminating sanctions] for failure to comply with pretrial procedures mandated by local rules and court orders." Thompson, 782 F.2d at 831.

"The principles that apply to dismissals for violation of pretrial orders are well established . . . [c]ourts are to weigh five factors in deciding whether to dismiss a case for failure to comply with a court order: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the [moving party]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Prod. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006) (internal citations omitted); see also, Johnson v. Goldsmith, 542 F. App'x 607 (9th Cir. 2013) (using the same test to evaluate terminating sanctions against a defendant in the form of default judgment); Conn. Gen. Life Ins. Co., 482 F.3d 1096. These factors are "way for a district judge to think about what to do," not "a series of conditions precedent before the judge can do anything." Id. (citing Valley Engineers Inc. v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998)).

It is clear from the record that the entry of a terminating sanction resulting in a default judgment in favor of plaintiff is premature. Neither the public's interest in expeditious litigation nor the court's need to manage its docket would be served by imposition of terminating sanctions

at this juncture.  Entry of adverse judgement as a sanction for failure to appear at a scheduling conference and failure to timely make an initial production is not appropriate where the plaintiff has (1) apparently sent a single letter as its sole attempt to meet and confer, and (2) has not yet filed a motion to compel.  The plaintiff is not prejudiced by the court's refusal to enter default judgment as a sanction; both the delay to this case and plaintiff's efforts have been minimal.  Where delay and effort has been minimal, the policy interest favoring disposition on the merits weighs heavily.  Less drastic sanctions may very well be available; indeed, plaintiff has not sought any less drastic sanctions.  Accordingly, terminating sanctions are not appropriate at this time.

## IV. Settlement Conference

The parties have not requested a settlement conference for this case, and the court did not include a settlement conference date in the initial scheduling order.  ECF No. 14.  District courts have "broad authority to compel participation in [a] mandatory settlement conference."  United States v. U.S. Dist. Court for N. Mariana Islands, 694 F.3d 1051, 1057 (9th Cir. 2012), as amended (Oct. 16, 2012); see also, Local Rule 270.  Upon review of the circumstances in this case, the court finds an early settlement conference is appropriate.

This matter is set for a Settlement Conference on September 5, 2018 at 9:30 a.m. in Courtroom 24 (CKD) before Magistrate Judge Carolyn K. Delaney.  Parties are instructed to have a principal with full settlement authority present at the Settlement Conference or to be fully authorized to settle the matter on any terms.  The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate.  The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference.  An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle.  The parties are directed to submit their confidential settlement conference statements to the Court using the following email address: ckdorders@caed.uscourts.gov.  Statements are due at least 7 days prior to the Settlement Conference.  Any party unable to submit their statement via email may do so using traditional

mail service.  Upon submission of confidential settlement statements, each party shall file on the docket a "Notice of Submission of Settlement Conference Statement."

### V. Pro Se Defendant's Summary

Plaintiff is asking the court to enter judgment of over $170,000 against you because you have not participated in this case as ordered.  For example, you have not given plaintiff your initial disclosures and you have not talked to the plaintiff about that issue.  The court has denied plaintiff's motion for now.

The court has ordered you to attend a settlement conference on September 5, 2018 at 9:30 a.m. at the Federal Courthouse at 501 I Street in Sacramento, Courtroom 24(CKD).  At this conference, another judge will attempt to mediate the dispute between you and J&J Sports Productions, Inc.  You must attend this conference.

### VI. Conclusion

Based on the foregoing, it is ORDERED that plaintiff's motion for terminating sanctions (ECF No. 15) is DENIED.  The hearing set for 8/8/2018 at 10:00 A.M. (ECF No. 16) is accordingly VACATED.

It is further ORDERED that the parties will appear for a mandatory settlement conference on September 5, 2018 at 9:30 a.m. before Magistrate Judge Carolyn K. Delaney in Courtroom 24 (CKD).

DATED: August 1, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE