UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ALIDA ESTRADA ALVAREZ, <br><br> Defendant. | No. 2:17-cv-00926 TLN AC <br><br><br> FINDINGS AND RECOMMENDATIONS |

This matter is before the undersigned pursuant to E.D. Cal. R. 302(c)(21) because defendant is in pro se. Plaintiff's motion for summary judgment (ECF No. 23) is now before the court. The matter was taken under submission, and defendant's opposition was due on February 13, 2019. ECF No. 33. Defendant did not file an opposition. For the reasons that follow, the undersigned recommends that plaintiff's motion be GRANTED.

**I.  Relevant Procedural Background**

Plaintiff filed its Complaint on May 2, 2017. ECF No. 1. Defendant was personally served on May 24, 2017. ECF No. 4. On June 26, 2017, after the time for filing a response to the Complaint had elapsed, plaintiff filed a Request to Enter Default against Defendant. ECF No. 5. On that same day, defendant submitted a letter which the court construed as an answer. ECF Nos. 6, 7. In light of the Answer, the clerk declined to enter default. ECF No. 8. On

////

1

February 2, 2018, defendant submitted a declaration to the court making substantive argument. ECF No. 10.

On November 14, 2017, plaintiff sent a Proposed Joint Scheduling Report to defendant. Riley Decl. ¶ 4; ECF No. 12, Ex. 1. Defendant did not respond to that correspondence or otherwise participate in preparing a proposed scheduling order. Id.; see also, ECF No. 12 at 1, n.1. On January 10, 2018, plaintiff served its Initial Disclosures on defendant. Riley Decl. ¶ 5. On March 13, 2018, this court set an Initial Scheduling Conference for April 18, 2018 at 10:00 A.M. before the undersigned. ECF No. 11. A copy of the Minute Order setting the Initial Scheduling Conference was mailed to defendant. See, Unnumbered Docket Entry, Mar. 13, 2018. On March 16, 2018, plaintiff filed a unilateral Proposed Scheduling Report. ECF No. 12. Plaintiff represented that it was unable to obtain a contribution to the proposed scheduling order from the defendant. Id. at 1, n.1.

On April 18, 2018, this court held its Status (Pretrial Scheduling) Conference; defendant failed to appear at that conference. ECF Nos. 13, 14 at 1. At that time, this court ordered defendant to provide Initial Disclosures by May 16, 2018. ECF No. 14 at 2, 6. A copy of this court's Status (Pretrial Scheduling) Order was mailed to defendant. See, Unnumbered Docket Entry, Apr. 19, 2018. On June 13, 2018, plaintiff moved for terminating discovery sanctions. ECF No. 15. The court denied the motion and ordered the parties to appear for a mandatory settlement conference. ECF No. 17. While settlement discussions were pending, plaintiff filed the motion for summary judgment at bar. ECF No. 23. The court placed a temporary stay on this case pending the settlement conference (ECF No. 24) and that stay was lifted following notification that settlement discussions were not successful. ECF Nos. 32, 33.

**II. Motion**

Plaintiff moves for partial summary judgment against defendant on the issue of liability. ECF No. 23 at 10. Plaintiff asks the court to find that there are no genuine issues of material fact that defendant violated 47 U.S.C. § 605 in illegally intercepting, receiving, and or publishing plaintiff's program at her commercial establishment, and that she committed the tort of conversion. Id. at 9.

### III.   Summary Judgment Standard

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Under summary judgment practice, "[t]he moving party initially bears the burden of proving the absence of a genuine issue of material fact." In re Oracle Corp. Sec. Litig., 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). The moving party may accomplish this by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" or by showing that such materials "do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

"Where the non-moving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case." Oracle Corp., 627 F.3d at 387 (citing Celotex, 477 U.S. at 325); see also Fed. R. Civ. P. 56(c)(1)(B). Indeed, summary judgment should be entered, "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323. In such a circumstance, summary judgment should "be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or

admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(c). The opposing party must demonstrate that the fact in contention is material, i.e., a fact "that might affect the outcome of the suit under the governing law," Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," Anderson, 447 U.S. at 248.

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "'the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" T.W. Elec. Serv., 809 F.2d at 630 (quoting First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968)). Thus, the "purpose of summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Matsushita, 475 U.S. at 587 (citation and internal quotation marks omitted).

"In evaluating the evidence to determine whether there is a genuine issue of fact, [the court] draw[s] all inferences supported by the evidence in favor of the non-moving party." Walls v. Cent. Costa Cnty. Transit Auth., 653 F.3d 963, 966 (9th Cir. 2011) (citation omitted). It is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586 (citations omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Id. at 587 (quoting First Nat'l Bank, 391 U.S. at 289).

### IV.     Statement of Undisputed Facts

Unless otherwise specified, the following facts are either expressly undisputed by the parties or have been determined by the court, upon a full review of the record, to be undisputed by competent evidence. On May 7, 2016, a sports program ("the Program"), Saul Alvarez v. Amir Khan WBC World Middleweight Championship Fight Program, was telecast nationwide.

4

ECF No. 23-1 at 1 (plaintiff's statement of undisputed facts). Defendant Alida Estrada Alvarez was, at all relevant times, the co-owner and operator of the commercial establishment Nueva Vallarta Mexican Food, a general partnership located in Sacramento County. ECF No. 23-3 at 1, 4. Defendant intercepted, received, published and/or exhibited the Program at her commercial establishment Nueva Vallarta. ECF No. 23-2 (Declaration of Affiants, Ches at 1; Eggert at 1; Berns at 1). The Program was broadcast at Nueva Vallarta Restaurant on May 7, 2016. Id.

Plaintiff did not authorize Defendant to broadcast the Program at Nueva Vallarta Restaurant. Defendant never purchased a commercial license from plaintiff or paid the commercial licensing fee. ECF No. 23-1 at 2. Defendant did not pay the commercial licensing fee to broadcast the Program. Id. Defendant did not charge patrons to view the programming. ECF Nos. 23-2, 5.

## V. Analysis

### A. Defendant is liable for violating 47 U.S.C. § 605[1]

The Communications Act of 1934, 47 U.S.C. § 605, "prohibits the unauthorized receipt and use of radio communications for one's 'own benefit or for the benefit of another not entitled thereto.'" DirecTV, Inc. v. Webb, 545 F.3d 837, 844 (9th Cir.2008) (quoting 47 U.S.C. § 605(a)). "[T]he 'communications' protected by § 605(a) include satellite television signals." Id.

> [L]iability under section 605 requires proof that a defendant has "(1) intercepted or aided the interception of, and (2) divulged or published, or aided the divulging or publishing of, a communication transmitted by the plaintiff."

California Satellite Systems v. Seimon, 767 F.2d 1364, 1366 (9th Cir.1985) (quoting National Subscription Television v. S & H TV, 644 F.2d 820, 826 (9th Cir.1981)).

Here, liability is established based on the undisputed facts. Defendant does not dispute that she aired the Program at her restaurant. ECF No. 6. Plaintiff has submitted several affidavits demonstrating that at the time the program was aired, the restaurant was open for business, and

---

[1] Plaintiff also discusses 47 U.S.C. § 553(a)(1) but does not appear to be seeking summary judgment on liability under this section of the code; plaintiff only asks for judgment as to § 605. ECF No. 23 at 1, 9.

5

these accounts have gone undisputed by defendant. ECF No. 23-2. Thus, liability is established under § 605. The issue of damages is not subject to plaintiff's current motion for partial summary judgment and therefore need not be addressed at this juncture.

### B. Defendant is liable for conversion

Plaintiff is entitled to summary judgment on the issue of defendant's liability for the tort of conversion. "In California, conversion has three elements: ownership or right to possession of property, wrongful disposition of the property right and damages." G.S. Rasmussen & Associates, Inc. v. Kalitta Flying Serv., Inc., 958 F.2d 896, 906 (9th Cir. 1992) (citation omitted). Although conversion typically involves tangible property, courts routinely apply the law of conversion to the wrongful disposition of intangible property such as the Program at issue in this case. See, e.g., J & J Sports Prods. v. Coyne, 857 F.Supp.2d 909, 918 (N.D. Cal. 2012) (granting summary judgment on conversion claim against a defendant who intercepted and exhibited a televised boxing match without paying a licensing fee).

The undisputed facts of this case demonstrate that plaintiff owned the exclusive commercial distribution rights to the Program and that defendant's unauthorized interception of the Program wrongfully disposed plaintiff of its right to control distribution of the Program. Defendant did not pay the commercial licensing fee required to publicly distribute the Program. ECF No. 23-1. Plaintiff has established that defendant is liable for the tort of conversion for broadcasting the Program in her commercial establishment, and summary judgment is appropriate on this issue.

## VI. Conclusion

Accordingly, IT IS RECOMMENDED that plaintiff's motion for partial summary judgment, ECF No. 23, be GRANTED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and

Recommendations." Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections. Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: March 26, 2019

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE