UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ALIDA ESTRADA ALVAREZ, <br><br> Defendant. | No. 2:17-cv-00926 TLN AC <br><br><br> FINDINGS AND RECOMMENDATIONS |

This matter is before the undersigned pursuant to E.D. Cal. R. 302(c)(21) because defendant is in pro se. On March 26, 2019, the court granted plaintiff's motion for partial summary judgment (ECF No. 23). ECF Nos. 34, 35. Plaintiff now moves to voluntarily dismiss counts II and IV of its complaint, and for an award of damages as to those claims on which summary judgment was entered as to liability. ECF No. 39.

## I. Relevant Procedural Background

This case is about the unlawful broadcast of plaintiff's May 7, 2016 television Program, *Saul Alvarez v. Amir Khan WBC World Middleweight Championship Fight Program* (the "Program."). ECF No. 1. Plaintiff filed its Complaint on May 2, 2017. ECF No. 1. Defendant was personally served on May 24, 2017. ECF No. 4. On June 26, 2017, after the time for filing a response to the Complaint had elapsed, plaintiff filed a Request to Enter Default against Defendant. ECF No. 5. On that same day, defendant submitted a letter which the court

1

construed as an answer. ECF Nos. 6, 7. In light of the Answer, the clerk declined to enter default. ECF No. 8. On February 2, 2018, defendant submitted a declaration to the court making substantive argument. ECF No. 10.

On November 14, 2017, plaintiff sent a Proposed Joint Scheduling Report to defendant. Riley Decl. ¶ 4; ECF No. 12, Ex. 1. Defendant did not respond to that correspondence or otherwise participate in preparing a proposed scheduling order. Id.; see also, ECF No. 12 at 1, n.1. On January 10, 2018, plaintiff served its Initial Disclosures on defendant. Riley Decl. ¶ 5. On March 13, 2018, this court set an Initial Scheduling Conference for April 18, 2018 at 10:00 A.M. before the undersigned. ECF No. 11. A copy of the Minute Order setting the Initial Scheduling Conference was mailed to defendant. See, Unnumbered Docket Entry, Mar. 13, 2018. On March 16, 2018, plaintiff filed a unilateral Proposed Scheduling Report. ECF No. 12. Plaintiff represented that it was unable to obtain a contribution to the proposed scheduling order from the defendant. Id. at 1, n.1.

On April 18, 2018, this court held its Status (Pretrial Scheduling) Conference; defendant failed to appear at that conference. ECF Nos. 13, 14 at 1. At that time, this court ordered defendant to provide Initial Disclosures by May 16, 2018. ECF No. 14 at 2, 6. A copy of this court's Status (Pretrial Scheduling) Order was mailed to defendant. See, Unnumbered Docket Entry, Apr. 19, 2018. On June 13, 2018, plaintiff moved for terminating discovery sanctions. ECF No. 15. The court denied the motion and ordered the parties to appear for a mandatory settlement conference. ECF No. 17. While settlement discussions were pending, plaintiff filed the motion for partial summary judgment, as to all claims except claim II (Violation of Title 47 U.S.C. Section 553) and IV (Violation of California Business and Professions Code Section 17200, et seq.). ECF No. 23. The court placed a temporary stay on this case pending the settlement conference (ECF No. 24) and that stay was lifted following notification that settlement discussions were not successful. ECF Nos. 32, 33. With no response from defendant, the court granted plaintiff's motion for partial summary judgment. ECF Nos. 34, 35.

////

////

**II. Motion**

Plaintiff now moves for (1) the voluntary dismissal of its two remaining causes of action; (2) an award of damages as to those claims on which summary judgment has been entered; and (3) permission to file a motion for an award of attorneys' fees and costs within 14 days of judgment in this case. ECF No. 39. Defendant has not opposed the motion. Because the request to file a separate motion for an award of fees and costs is unopposed, the court will recommend it be GRANTED. A substantive analysis of the request for damages follows.

**III. Voluntary Dismissal of Remaining Claims**

Federal Rule of Civil Procedure 41(a)(2) provides an avenue for a plaintiff to voluntarily dismiss claims with court approval "on terms that the court considers proper." The Ninth Circuit has held that a motion to dismiss under Rule 41(a)(2) should be granted "unless a defendant can show that it will suffer some plain legal prejudice as a result." Smith v. Lenches, 263 F.3d 972, 975 (9th Cir. 2001) (emphasis added). In this case, defendant will not suffer plain legal prejudice if the court allows plaintiff to voluntarily dismiss causes of action II and IV. First, dismissal of these causes of action does not impact any legal interest held by defendant. Second, defendant did not respond to plaintiff's motion, and therefore did not object to dismissal of these causes of action. The court can find to actual or potential harm to the defendant should it allow plaintiff to dismiss these causes of action. Thus, this portion of plaintiff's motions should be granted.

**IV. Award of Damages**

The court previously found defendant liable for the legal violations discussed below. ECF No. 34, 35. Now before the court is the determination of damages for each cause of action.

A. Damages for 47 U.S.C. § 605 Violations

The Communications Act of 1934, 47 U.S.C. § 605, "prohibits the unauthorized receipt and use of radio communications for one's 'own benefit or for the benefit of another not entitled thereto.'" DirecTV, Inc. v. Webb, 545 F.3d 837, 844 (9th Cir.2008) (quoting 47 U.S.C. § 605(a)). A party aggrieved under section 605 may, at its discretion, recover either actual or statutory damages. 47 U.S.C. § 605(e)(3)(C). Plaintiff elects to recover statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II). Plaintiff seeks $6,600 in statutory damages and

3

$20,000 in enhanced statutory damages, for total statutory damages of $26,600.  ECF No. 29 at 4.

District courts consider many factors in assessing statutory damages under the Communications Act.  Courts should assess an amount sufficient to deter but not so great as to destroy the defendant business.  See Kingvision Pay-Per-View Ltd. v. Lake Alice Bar, 168 F.3d 347, 350 (9th Cir. 1999).  The amount of money the defendant would have had to pay the plaintiff to broadcast the program lawfully is also relevant.  Id.  An enhanced statutory damages award may be warranted where the defendant engaged in promotional advertising or charged a premium for food or drinks.  J & J Sports Productions, Inc. v. Sorondo, 2011 WL 3917391 at *4 (E.D. Cal. 2011) (Snyder, M.J.).  It is also relevant whether the customers were present primarily to watch the broadcast or had come for another purpose while the program was being aired, and whether the defendants were "repeat offenders."  Id.  The statutory maximum award is inappropriate "in the absence of unusual or particularly egregious circumstances under which a defendant broadcast the fight."  Don King Productions/Kingvision v. Maldonado, 1998 WL 879683 (N.D. Cal. 1998).  In past cases, the undersigned and other magistrate judges in this district have considered and weighed some or all of these factors, and have recommended awards of statutory damages according to the totality of the relevant circumstances.

Here, plaintiff attests that defendants would have had to pay $2,200 to broadcast the Program lawfully.  ECF No. 39 at 4.  Plaintiff has submitted affidavit from its investigators, who visited defendants' establishment the night of the Program.  ECF No. 23-2.  The affidavit establishes that there was no cover charge on the night of the broadcast, there were two to three televisions showing the broadcast, there was no evidence of advertising for the program, and between 15 and 100 people present at the establishment.  Id. at 2-6.  Defendant submitted a declaration earlier in this case stating that their business was slow, and that the Program was displayed for the benefit of employees with no intent to use the Program for commercial gain.  ECF No. 10.

Here, there is no evidence of promotional advertising or repeat offender status, and no evidence that defendants charged a premium for drinks or food in relation to the broadcast.  The lack of cover charge and the minimal broadcast setup detracts from any inference of willfulness.

4

Defendant's testimony that the Program was displayed for viewing by their employees with no intent to use the Program for financial gain also cuts against willfulness. Accordingly, enhanced statutory damages are not appropriate.

Having weighed all the above factors, the undersigned will recommend granting plaintiff's request for statutory damages of $6,600 but no enhanced statutory damages. The court notes that this assessment accounts for the lack of evidence of willfulness, absence of intent of use for commercial gain, the absence of repeat offender status, and the lack of advertising.

B. Damages for Conversion

Plaintiff asks the court $2,200 in conversion damages (the amount Defendant would have had to pay to broadcast the Program lawfully) in addition to statutory damages. ECF No. 39 at 9. Having already determined that defendant is liable for the tort of conversion, the undersigned finds this request appropriate.

**V.     Conclusion**

For the reasons stated above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for damages (ECF No.39) be GRANTED in part;

2. The court award to plaintiff statutory and enhanced damages in the amount of $6,600.00 for the violation of § 605 and $2,200.00 in damages for the tort of conversion;

3. That plaintiff be granted 14 days from the entry of judgment to submit its motion for costs and attorneys' fees; and

4. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one (21) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen (14) days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District

////

Court's order. <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156 57 (9th Cir. 1991).

DATED: April 1, 2020

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE