UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ALIDA ESTRADA ALVAREZ,<br><br>Defendant. | No. 2:17-cv-00926-TLN-AC<br><br>FINDINGS AND RECOMMENDATIONS |

This matter is before the court on plaintiff's motion for an award of costs and attorneys' fees following entry of default judgment in its favor. ECF No. 44. Defendant appeared in this case in pro se. The motion was referred to the undersigned pursuant to E.D. Cal. R. 302(c)(21). The motion was filed on May 22, 2020 and was heard on the papers. Defendant did not file an opposition. For the reasons set forth below, the undersigned recommends the motion be GRANTED, though in a reduced amount.

### I.  Relevant Background

This case is about the unlawful broadcast of plaintiff's May 7, 2016 television Program, *Saul Alvarez v. Amir Khan WBC World Middleweight Championship Fight Program* (the "Program."). ECF No. 1. On April 2, 2020, the undersigned issued Findings and Recommendations which recommended plaintiff be awarded statutory damages under 47 U.S.C. § 605 and damages for the tort of conversion. ECF No. 41 at 5. The court indicated that plaintiff

1

1    should have 14 days from the entry of judgment in this case to submit a motion for costs and
2    attorneys' fees.  Id.  The findings and recommendations were adopted in full and judgment was
3    entered on May 12, 2020.  ECF Nos. 42, 43.  The instant motion for attorneys' fees and costs was
4    timely filed on May 22, 2020.  ECF No. 44.  The motion is unopposed.

**II.  Motion**

6    Plaintiff's motion is made on the grounds that defendant has been found liable to plaintiff
7    under 47 U.S.C. § 605, and therefore plaintiff is entitled to attorneys' fees and costs.  ECF No. 44
8    at 3.  Plaintiff requests that the court order defendant to pay costs in the amount of $2,518.56 and
9    attorneys' fees in the amount of $10,827.80.  Id. at 7.

**III.  Analysis**

11    A.  Recoverable Attorneys' Fees

12    Reasonable attorneys' fees and costs are directed recoverable by statute in 47 U.S.C. §
13    605(e)(3)(B)(iii).  Still, fees must be "reasonable," and the court determines the amount of
14    reasonable attorneys' fees by applying the "lodestar" method.  Ferland v. Conrad Credit Corp.,
15    244 F.3d 1145, 1149 n.4 (9th Cir. 2001).  The lodestar method calculates fees by multiplying the
16    number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly
17    rate.  Id.  "In determining reasonable hours, counsel bears the burden of submitting detailed time
18    records justifying the hours claimed to have been expended."  Chalmers v. City of Los Angeles,
19    796 F.2d 1205, 1210 (9th Cir. 1986), opinion amended on denial of reh'g, 808 F.2d 1373 (9th Cir.
20    1987).  "Where the documentation of hours is inadequate, the district court may reduce the award
21    accordingly."  Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  A district court should also
22    subtract from the lodestar fee calculation any hours that were not "reasonably expended," because
23    they were excessive, redundant, or otherwise unnecessary.  See id. at 434; see also J & J Sports
24    Prods., Inc. v. Napuri, No. C 10-04171 SBA, 2013 WL 4428573, at *1 (N.D. Cal. Aug. 15, 2013).
25    To determine what numbers to use to arrive at a "reasonable" fee under the lodestar
26    method, Local Rule 293 requires a party seeking an award of attorney's fees to submit an
27    affidavit addressing certain criteria that the court will consider.  Plaintiff has submitted an
28    affidavit stating that counsel's billable rate is $550 per hour (8.70 hours = $4,785), administrative

1  assistant time is billed at $110 per hour (19.48 hours = $2,142.80), and research attorney time is
2  billed at $300 per hour (13.00 hours = $3,900).  A district court must determine a reasonable rate
3  for the services provided by examining the prevailing rates in the community, charged by
4  "lawyers of reasonably comparable skill, experience, and reputation."  Sanchez v. Frito-Lay, Inc.,
5  No. 1:14-CV-00797 AWI, 2015 WL 4662636, at *17 (E.D. Cal. Aug. 5, 2015), report and
6  recommendation adopted, No. 1:14-CV-797 AWI MJS, 2015 WL 5138101 (E.D. Cal. Aug. 26,
7  2015) (quoting Cotton v. City of Eureka, Cal., 889 F. Supp. 2d 1154, 1167 (N.D. Cal. 2012)).
8  "The 'relevant community' for the purposes of determining the reasonable hourly rate is the
9  district in which the lawsuit proceeds."  Sanchez, 2015 WL 4662636, *17 (quoting Barjon v.
10 Dalton, 132 F.3d 496, 500 (9th Cir. 1997)); accord Gonzalez v. City of Maywood, 729 F.3d 1196,
11 1205 (9th Cir. 2013).

12 Recent orders of this court provide guidance in determining the appropriate rate for this
13 case.  In May of 2018, District Judge Anthony W. Ishii of the Fresno Division of this court found
14 that for cases such as this one, "[a] reasonable rate for an attorney of Mr. Riley's experience
15 remains $350.00 per hour.  A reasonable rate for an unidentified research attorney remains
16 $150.00 per hour."  J&J Sports Prods., Inc. v. Marini, No. 1:16-CV-0477-AWI-JLT, 2018 WL
17 2155710, at *2 (E.D. Cal. May 10, 2018) (internal citations omitted).  Although that finding was
18 made for the Fresno Division, the undersigned finds no reason to deviate for the Sacramento
19 division.  Judge Ishii also noted that "[t]his Court (and other courts) has cautioned Mr. Riley
20 regarding billing of clerical work using administrative assistants, lack of specificity in such
21 billing by administrative assistants, and duplicative billing by Mr. Riley and his administrative
22 assistant in the past."  Id.

23 Here, the time billed by the unidentified administrative assistant is duplicative and strictly
24 administrative, and cannot reasonably be charged against the plaintiff.  Further, many of hours
25 claimed by Mr. Riley are unreasonable, duplicative, or inadequately documented and must be
26 reduced.  As was the case in the matter addrsesed by Judge Ishii, Mr. Riley's bill in this case
27 reflects considerable amount of time reviewing communications to and from the court, primarily
28 in ".10" time increments.  ECF No. 44-1 at 6-15.  Such an entry indicates that Mr. Riley spent

anywhere between one second and six minutes reviewing an item.  While the undersigned understands that this "rounding up" is how attorney timekeeping is done, it is troubling when there are well over 100 such entries (between all billers) on an invoice.  Indeed, only 2 hours of Mr. Riley's total claimed 8.70 hours constitutes an entry of over ".10."  Such a billing practice represents an inefficient use of time, at best.  The court concludes that Mr. Riley could have reasonably spent 4 hours, in total, on these minor review entries, and finds an award of 6 hours at the rate of $350/hour ($2,100) appropriate.  The unnamed research attorney will be awarded 13 hours at the rate of $150.00/hour ($1,950).  This equates to a reduced total award of $4,050.

### B. Recoverable Costs

Plaintiff has also requested an award of costs in the amount of $2,418.56 for: investigative expenditures dated before this suit was filed ($1,925), courier charges ($53.08), filing fees ($400.00), service of process fees ($50.00), and photocopy charges ($90.48).  ECF No. 44-1 at 15.  Recovery of costs is available under 47 U.S.C. § 605(e)(3)(B)(iii).  In support of the claimed costs, Plaintiff has submitted two invoices from its investigator in the amount of $650.00 each, another in the amount of $624, ECF No. 44-1 at 18-20, as well as one statement from its process server in the amount of $50.00, id. at 22.  Plaintiff paid a $400.00 filing fee to initiate this action.  ECF No. 1.  Only those costs are appropriately documented.  Plaintiff will not be awarded costs for courier charges or photocopying expenses because no documentation is provided.

Plaintiff relies largely on district court authority from outside of this Circuit for the proposition that pre-suit investigative fees are recoverable, and acknowledges a split on the issue.  ECF No. 44 at 6-7.  Courts in this Circuit routinely decline to award such costs.  J & J Sports Prods., Inc. v. Barajas, No. 1:15-cv-01354 DAD JTL, 2016 WL 2930549, at *3 (E.D. Cal. May 19, 2016) (collecting cases); but see Pagliaro, 2014 WL 7140605 at * 2 (granting investigative costs without expressly identifying them in its order or discussing their propriety).  The undersigned does not find that directing the payment of pre-suit investigative costs is warranted here, particularly as they seem excessive (the need for three separate investigative visits is not explained), and will accordingly decline to award them.  Thus, only filing fees and process server

////

costs are appropriately recovered expenses and will be awarded, and costs shall issue in the amount of $450.00.

### IV. Conclusion

For the reasons set forth above, it is HEREBY RECOMMENDED THAT:

    1. Plaintiff's May 22, 2020 motion for Fees and Costs (ECF No. 44) be granted;

    2. The court award attorneys' fees to plaintiff in the amount of $4,050.00 and costs in the amount of $450.00.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections.  Local Rule 304(d).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998), as amended on denial of reh'g (Nov. 24, 1998); Martinez v. Ylst, 951 F.2d 1153, 1156–57 (9th Cir. 1991).

DATED: June 25, 2020

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE